STATE

v.

**Roger CORBIN.**

**No. 2000–66–C.A.**

Supreme Court of Rhode Island.

Nov. 29, 2001.

Aaron Weisman, Jeanine McConaghy, Providence.

Paula Rosin, Janice M. Weisfeld, Providence.

**O R D E R**

The defendant, Roger Corbin, has appealed a judgment of conviction of assault with intent to commit sexual assault, on the grounds that the trial justice erred in denying (1) the defendant's motion to dismiss for lack of a speedy trial and (2) the defendant's motion to suppress the in-court and out-of-court identifications of the defendant by the complaining witness. This case came before the Supreme Court for oral argument on November 5, 2001, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. Having heard the oral arguments of counsel and having reviewed the record, we hold that cause has not been shown, and we summarily affirm the judgment of the Superior Court.

The complaining witness testified that on November 18, 1996, while traversing a parking lot on her way to work, she was grabbed from behind and dragged to a wooded area, where she struggled with her assailant for nearly twenty minutes before he gave up and fled the scene. Immediately thereafter, she described her assailant to a police officer, and minutes later, the police found defendant and brought him to the parking lot, where she identified him as her attacker.

The defendant was charged with the crime of assault with intent to commit sexual assault, by information dated January 7, 1997. His trial began on March 19, 1999, twenty-six months later. On appeal, defendant claimed that the charges against him should have been dismissed for lack of a speedy trial. We disagree.

In order to assess whether a defendant's right to a speedy trial has been violated, this Court weighs the four factors set forth in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 117 (1972):(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant. *State v. Powers,* 643 A.2d 827, 830 (R.I.1994). A delay in excess of twelve months is "presumptively prejudicial," triggering an analysis of the remaining three factors. *Id.* at 831.

Here, although the delay was of sufficient length to require further analysis, the remaining factors, on balance, weigh against defendant's claim. With respect to the reasons for delay, both the state and defendant played a role in postponing the trial date. The portion of the delay that was attributable to the state resulted primarily from conflicts in the prosecutor's case assignments and court congestion, which weigh slightly against the state, and witness unavailability, which is considered a valid reason for delay under *Barker.* *See Barker,* 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117; *Powers,* 643 A.2d at 831. At no time did defendant allege intentional delay on the part of the prosecutor, nor did defendant object to the state's motions for continuance. In addition, a portion of the delay was due to defendant's request for new counsel.

The defendant's failure to assert his right promptly and consistently also weighs against his claim. Here, defendant did not assert his right to a speedy trial until November 2, 1997, nearly ten months after the charges were brought, and he raised the issue on only two other occasions during the next sixteen months, behavior that cannot be described as "banging on the courthouse doors." *Powers,* 643 A.2d at 833 (quoting *Tate v. Howard,* 110 R.I. 641, 656, 296 A.2d 19, 27 (1972)).

Finally, and significantly, the record reveals that defendant suffered no prejudice as a result of the delay. At the time defendant was apprehended on the instant charge, he had been on parole for approximately one month in connection with his sentencing on three previous sexual assault convictions. The defendant was found to have violated his parole and was sentenced to seventeen years to serve while this case was pending. Thus, defendant cannot claim prejudice resulting from pretrial incarceration. The defendant also failed to allege any anxiety or concern as a result of the delay, and he did not suffer any prejudice in the presentation of his defense, given that defendant presented no witnesses or evidence at trial. Occasionally, a delay may be so long, and the presumptive prejudice so great, that "affirmative proof of particularized prejudice" is unnecessary. *State v. DeAngelis,* 658 A.2d 7, 12–13 (R.I.1995) (holding that presumptive prejudice from five-year delay was sufficient to satisfy fourth *Barker* prong). This is not such a case. Here, because the delay was due in part to defendant's own actions, because defendant did not assert his right until nearly ten months had passed, and because defendant suffered no discernible prejudice from the delay, we conclude that defendant's right to a speedy trial was not violated.

The defendant's claim that the trial justice erred in admitting both the in-court and out-of-court identifications of defendant by the victim is also without merit. In order to be admissible, a "showup" identification must be reliable under the totality of the circumstances, with consideration given to the five factors set forth in *Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 382, 34 L.Ed.2d 401, 411 (1972): "[1] the opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of the witness' prior description of the criminal, [4] the level of certainty demonstrated by the witness at the confrontation, and [5] the length of time between the crime and the confrontation." *See State v. Turner,* 561 A.2d 869, 871 (R.I.1989).

Here, all elements of the *Biggers* test have been satisfied. The victim testified that she was engaged in a fifteen- to twenty-minute struggle with defendant, in broad daylight, during which she was close enough to inflict a bloody scratch on defendant's face, giving her ample opportunity to observe defendant. Her description to the police, only minutes after the attack, included a detailed account of defendant's skin color, clothing, and the scratch to defendant's face, indicating that her attention was focused on her attacker. Finally, the showup identification occurred only minutes later, and the identification of defendant was unhesitating. Under these circumstances, we conclude that the trial justice properly denied defendant's motion to suppress. In addition, because the out-of-court identification was sufficiently reliable, we conclude that the in-court identification was also proper. *State v. Mastracchio,* 612 A.2d 698, 706 (R.I.1992).

Therefore, we summarily deny and dismiss the defendant's appeal and affirm the

judgment of the Superior Court, to which we return the papers in the case.